IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TOBY GODFREY, # K55828,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-00280-GPM |
| ) | |
| **S.A.GODINEZ,** ) | |
| **RICHARD HARRINGTON,** ) | |
| **KIMBERLY BUTLER, and** ) | |
| **GAIL WALLS,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This case is now before the Court for a threshold review of the complaint under 28 U.S.C. § 1915A. After fully considering the allegations in the complaint, the Court concludes that this action is subject to summary dismissal.

On March 2, 2013, Plaintiff requested that he be moved to a different cell because his cellmate was bullying him; nothing was done. On March 4, 2013, Plaintiff again requested that he be moved. An unidentified correctional sergeant came and handcuffed Plaintiff, which is when Plaintiff was attacked by his cellmate. Plaintiff sustained a broken nose and jaw, and required three stitches over his left eye. Plaintiff argues that prison overcrowding led to his assault. Plaintiff also contends he was not afforded adequate medical care for his injuries. Plaintiff seeks compensatory and punitive damages, a transfer to a medium security facility, as well as injunctive relief in the form of mandated medical care.

The complaint certainly suggests *possible* claims under the Eighth Amendment for failing

to protect Plaintiff from harm and for deliberate indifference to his serious medical needs. However, none of the individuals identified as being involved in the events described in the complaint are named as defendants.

The named defendants are Illinois Department of Corrections Director S.A. Godinez, Warden Richard Harrington, Assistant Warden Kimberly Butler, and Nurse Gail Walls. It is alleged that the Illinois Department of Corrections violated Plaintiff's rights by not removing him from his cell, and the Menard Correctional Administration was generally responsible for Plaintiff's wellbeing. However, the doctrine of *respondeat superior* is not applicable to Section 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff has not alleged that any of the named defendants were "personally responsible for the deprivation of a constitutional right." *Id.* Accordingly, Godinez, Harrington, Butler and Walls shall be dismissed from this action.

Insofar as Plaintiff seeks injunctive relief, the proper defendant in such a claim is the government official responsible for ensuring any injunctive relief is carried out. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Defendant Warden Harrington would normally remain in the action as a defendant in his official capacity, even though Plaintiff has failed to state an individual capacity claim against Harrington. Nevertheless, without a viable complaint, the Court cannot ascertain the basis for jurisdiction, so injunctive relief cannot be considered. *See Bell v. Hood,* 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine and Ctr., Inc. v. City of Chicago,* 431 F.3d 1065, 1069-70 (7th Cir. 2005).

**IT IS THEREFORE ORDERED** that, for the reasons stated above, this action is **DISMISSED** without prejudice, and with leave to amend. Defendants **S.A. GODINEZ**,

**RICHARD HARRINGTON**, **KIMBERLY BUTLER** and **GAIL WALLS** are **DISMISSED** from this action without prejudice.

Plaintiff is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Nevertheless, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed, he shall file his First Amended Complaint, within 30 days of the entry of this order (**on or before May 13, 2013**).  The First Amended Complaint must include factual allegations supporting each claim, and must identify the individual Defendant(s) directly responsible for the alleged unconstitutional actions in each claim.

Plaintiff is **ADVISED** that an amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Should the First Amended Complaint not conform to these requirements, it shall be stricken.  Failure to timely file an amended complaint shall result in the dismissal of the action becoming dismissal **with prejudice.**  Any amended complaint shall be subject to review pursuant to Section 1915A.

**IT IS SO ORDERED.**

DATED:  April 11, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge