**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **TOBY GODFREY, # K55828,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-00280-GPM** |
| | ) | |
| **RICHARD HARRINGTON,** | ) | |
| **MAJOR HANIMYER,** | ) | |
| **LT. HUGHS,** | ) | |
| **OFFICER CAMPBELL,** | ) | |
| **OFFICER KEMPSTER,** | ) | |
| **SERGEANT HEIMAN,** | ) | |
| **SERGEANT ELADVOR, and** | ) | |
| **UNKNOWN MEDICAL DOCTOR,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Toby Godfrey, currently incarcerated at Menard Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On April 11, 2013, the Court dismissed the original complaint without prejudice and with leave to amend (Doc. 6). Plaintiff's motion for a temporary restraining order seeking medical care was also denied because, without a viable complaint, the Court lacked jurisdiction to award injunctive relief (Doc. 7).

Plaintiff has now filed three documents: "Motion for Amended Complaint" (Doc. 8); "First Amended Complaint /with Exhibits Add" (Doc. 9); and "First Amended Complaint /with Exhibits Add" (Doc. 10). The Court construes these three documents together to constitute an amended complaint. Plaintiff's "Motion for Temporary Preliminary Injunction" (Doc. 11) is also before the Court.

Under 28 U.S.C. § 1915A the Court is required to conduct a prompt threshold review of the amended complaint.  The motion for injunctive relief will also be addressed in turn.

**A.  <u>The Amended Complaint</u>**

Plaintiff's "Motion for Amended Complaint" and an attached list of defendants (Doc. 8, pp. 1-6), read together, contain all allegations of fact and claims asserted.  The "First Amended Complaint /with Exhibits Add" (Doc. 9), and "First Amended Complaint /with Exhibits Add" (Doc. 10) contain only exhibits.  The following is a synopsis of the factual allegations and claims asserted.

On March 2, 2013, Plaintiff requested that he be moved to a different cell because his cellmate, Julie James, was bullying him—including physical and verbal intimidation, and taking Plaintiff's food and property (Doc. 8, p. 2).  Plaintiff reported to Officer Campbell:  "James … is trying to bully me and take my property & food," and Plaintiff asked to be moved to another cell (Doc. 8, p. 3).  Campbell told Plaintiff that he did not have authority to move Plaintiff, but that he would speak to Sergeant Eladvor, who supervised housing (Doc. 8, p. 3).  Campbell did as promised and Sergeant Eladvor went to Plaintiff's cell to speak with him (Doc. 8, p. 3).  Plaintiff reported to Sergeant Eladvor that he and James did not "get along", and that James had been "trying to bully" him (Doc. 8, p. 3).  Eladvor indicated that he could not do anything that night, but that the 7:00 a.m.-3:00 p.m. shift would be notified that Plaintiff was to be moved (Doc. 8, p. 3).  However, Plaintiff was not moved the next day (Doc. 8, p. 3).

On March 4, 2013, Plaintiff spoke with Officer Kempster and requested that he be moved because his cellmate was "bullying" him and he "feared for his life" (Doc. 8, p. 3).  Officer Kempster summoned Sergeant Heiman, who appeared and ordered Julie James to cuff-up (Doc. 8, p. 3).  When James refused to comply, Heiman directed Plaintiff to cuff-up (Doc. 8, p. 3).

While Plaintiff was cuffed, James assaulted him (Doc. 8, p. 3). Sergeant Heiman used tear gas to break-up the incident and then entered the cell to pull James off of Plaintiff (Doc. 8, pp. 3–4). Sergeant Heiman then took Plaintiff to the Health Care Unit (Doc. 8, p. 4).

An unidentified doctor stitched up a 2 cm laceration on Plaintiff's brow line (*see* Doc. 10, p. 4). According to Plaintiff, his jaw and nose were broken, but no x-rays were ordered (Doc. 8, p. 4). Plaintiff attached a list of defendants to the amended complaint and alleged that the unidentified doctor provided "inadequate medical treatment" (Doc. 8, p. 6).

Plaintiff further alleges that he submitted a post-incident grievance to Warden Harrington, but nothing was done (Doc. 8, p. 4). In the list of defendants attached to the amended complaint, Plaintiff alleged that Warden Harrington (who is sued only in his official capacity) was "responsible for [overall] management of Menard," including answering grievances and ensuring inmate safety (*see* Doc. 8, p. 5).

The list of defendants also indicates that Plaintiff asked Major Hanimyer, who is sued in his official capacity, and Lieutenant Hughs, who is sued in his individual capacity, to move Plaintiff from his cell (*see* Doc. 8, p. 5).

Plaintiff seeks a declaratory judgment, money damages, and injunctive relief.

Based on the claims asserted in the amended complaint, the Court finds it convenient to divide the *pro se* action into five counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:**    **Against Defendants Warden Harrington, Major Hanimyer, Lt. Hughs, Sergeant Eladvor, Sergeant Heiman, Officer Campbell, Officer Kempster, and Unknown Medical Doctor for their failure to protect Plaintiff from harm, in violation of the Eighth Amendment;**

Count 2:    Against Defendants Warden Harrington, Major Hanimyer, Lt. Hughs, Sergeant Eladvor, Sergeant Heiman, Officer Campbell, Officer Kempster, and Unknown Medical Doctor for depriving Plaintiff of the equal protection of the law, in violation of the Fourteenth Amendment;

Count 3:    Against Defendants Warden Harrington, Major Hanimyer, Lt. Hughs, Sergeant Eladvor, Sergeant Heiman, Officer Campbell, Officer Kempster, and Unknown Medical Doctor for denying Plaintiff due process, in violation of the Fourteenth Amendment;

Count 4:    Against Unknown Medical Doctor for deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment; and

Count 5:    Against all Defendants for violating Plaintiff's rights under the Illinois constitution.

## B. Merits Review Pursuant to 28 U.S.C. § 1915A

### 1. The Standard of Review

This case is now before the Court for a preliminary review of the complaint pursuant to

28 U.S.C. § 1915A, which provides:

> (a) **Screening.** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to

relief must cross "the line between possibility and plausibility." *Id.* at 557. A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the amended complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A and summarily dismiss portions of this action.

## 2. Dismissal for Lack of Personal Involvement

As already noted, an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Liability under Section 1983 requires a defendant's personal involvement in the alleged constitutional violation. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). The defendant must have caused or participated in the violation. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Thus, the doctrine of *respondeat superior* is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

It is clear that the amended complaint does not adequately state *any* claims against Defendants Major Hanimyer and Lieutenant Hughs.  The recitation of facts does not mention Hanimyer or Hughs, and the listing of defendants attached to the amended complaint merely offers a boilerplate, conclusory assertion that Plaintiff asked each of them to remove him from his cell.  There are no other allegations relative to Hanimyer or Hughs.  Therefore, the *Twombly* and *Palmer* standards have not been satisfied and Hanimyer and Hughs shall be dismissed without prejudice, as this is Plaintiff's first attempt at asserting a claim against them.

Similarly, the amended complaint does not sufficiently allege a claim against Warden Richard Harrington.  Plaintiff stated that Warden Harrington failed to respond to Plaintiff's post-incident grievance.  Although this allegation may be relevant to an affirmative defense based upon whether Plaintiff has exhausted his administrative remedies, these allegations do not amount to a constitutional claim.  "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1995).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich,* 681 F.2d 1091, 1100–01 (7th Cir. 1982).  Furthermore, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011).  *See also Grieveson v. Anderson,* 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith,* 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli,* 81 F.3d at 1430.

Plaintiff also stated that Warden Harrington is "responsible for [overall] management of Menard," including answering grievances and ensuring inmate safety (*see* Doc. 8, p. 5).  Harrington is actually sued only in his official capacity, but there are no allegations that Warden

Harrington's policies or practices played any role in the harm that befell Plaintiff. Moreover, any official capacity claim for money damages against a state official in his official capacity is a suit against the state and is therefore barred by the Eleventh Amendment. *Papasan v. Allian,* 478 U.S. 265 (1986). Furthermore, Harrington cannot be held liable in his individual capacity for the actions of subordinate prison officials merely due to his supervisory position because the doctrine of *respondeat superior* is not applicable to Section 1983 actions. *Sanville,* 266 F.3d at 740.

However, insofar as Plaintiff seeks injunctive relief, the proper defendant in such a claim is the government official responsible for ensuring any injunctive relief is carried out. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Defendant Warden Harrington shall remain in the action as a defendant in his official capacity in this limited respect; all other individual and official capacity claims shall be dismissed with prejudice as Plaintiff has had two opportunities to state a viable claim against Harrington.

### 3. Count 1—Failure to Protect

Count 1 alleges that all Defendants—Sergeant Eladvor, Sergeant Heiman, Officer Campbell, Officer Kempster, and Unknown Medical Doctor—failed to protect Plaintiff from harm, in violation of the Eighth Amendment.

As the Supreme Court has recognized, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Pinkston v. Madry,* 440 F.3d 879, 889 (7th Cir. 2006), *citing Farmer v. Brennan,* 511 U.S. 825, 833 (1994). However, not every injury suffered by one prisoner at the hands of another gives rise to constitutional liability for the prison officials. *Pinkston*, 440 F.3d at 889. In order to state an Eighth Amendment claim for failure to protect, the prisoner must show that "prison officials were 'deliberately indifferent' to the fact

that [the prisoner] was in serious peril of being harmed." *Pinkston*, 440 F.3d at 889, *citing Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). In other words, the prisoner must show that the prison officials had actual knowledge that there was a substantial, impending risk that those who attacked the prisoner would do so, yet failed to take any action. *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001).

At this preliminary juncture, Plaintiff has stated a colorable Eighth Amendment "failure to protect" claim against Defendants Sergeant Eladvor, who told Plaintiff that the 7:00 a.m.-3:00 p.m. shift would be alerted that Plaintiff needed to be moved, but it is unknown whether Eladvor followed through because no action was taken. Plaintiff also stated a colorable "failure to protect" claim against Sergeant Heiman, who was present when Julie James attacked Plaintiff.

However, even if a complaint passes the minimal threshold pleading standards, an inmate may still plead himself out of court by alleging facts or attaching documentation that preclude recovery. *See Edwards v. Snyder,* 478 F.3d 827, 830 (7th Cir. 2007). Plaintiff has done just that relative to Officer Campbell and Officer Kempster. Officer Campbell was not deliberately indifferent because he did all that was within his power; he took action, summoning Sergeant Eladvor. Similarly, Officer Kempster summoned Sergeant Heiman. Therefore, Campbell and Kempster shall be dismissed from Count 1 with prejudice.

Additionally, the Unknown Medical Doctor shall be dismissed from Count 1 because the doctor had no role in the attack upon Plaintiff. Therefore, the doctor lacked personal involvement and the *Twombly* pleading standard has not been satisfied. Dismissal shall be with prejudice, as the only reason he was included as a defendant in Count 1 is because the amended complaint alleged that *all defendants* violated Plaintiff's rights under the Eighth Amendment.

Consequently, the failure to protect claim in Count 1 shall proceed against only Sergeant Heiman and Sergeant Eladvor.

### 4. Count 2—Equal Protection

Count 2 alleges that all Defendants—Sergeant Eladvor, Sergeant Heiman, Officer Campbell, Officer Kempster, and Unknown Medical Doctor—violated Plaintiff's Fourteenth Amendment right to the equal protection of the laws.

The Equal Protection Clause forbids a state to "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. As a general matter, a "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), cert. denied, 484 U.S. 935 (1987), *citing Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982).

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action. A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation. Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences. It implies that a decision[-]maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996), *quoting Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982).

There is also a second type of equal protection claim, a so-called "class-of-one" claim. The Supreme Court has made clear that a class-of-one equal protection claim can succeed only if it is pleaded and proven that (1) the plaintiff has been intentionally treated differently from others similarly situated, and (2) there is no rational basis for different treatment. *Engquist v.*

*Oregon Dep't of Agriculture*, 553 U.S. 591, 601 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Here, the *Twombly* pleading standard has not been met.  Plaintiff's equal protection claim is nothing more than a conclusory legal assertion.  No intentional discrimination or animus has been alleged.  Therefore, Count 2 shall be dismissed without prejudice.

### 5. Count 3—Due Process

Count 3 alleges that all Defendants—Sergeant Eladvor, Sergeant Heiman, Officer Campbell, Officer Kempster, and Unknown Medical Doctor—denied Plaintiff due process, as guaranteed under the Fourteenth Amendment.  Again, Plaintiff offers merely a bald, conclusory assertion that does not satisfy the *Twombly* pleading standard.  Additionally, inmate Julie James was not a state actor, and there is no allegation that any Defendant put James up to attacking Plaintiff.  Therefore, there is no state action, which is required under Section 1983.  *See* 42 U.S.C. § 1983; *Lewis v. Mills*, 677 F.3d 324, 333 (7th Cir. 2012).  For these reasons, Count 3 shall be dismissed without prejudice.

### 6. Count 4—Medical Care

Count 4 alleges that Unknown Medical Doctor was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment.  A generous reading of the complaint (including the defendant list and exhibits) satisfies the Court that this claim pertains to how Plaintiff's eye, nose, and jaw injuries were or were not treated.  At this point, Court 4 states a viable claim.  Of course, Plaintiff must eventually identify the defendant doctor.

### 7. Count 5—Illinois Constitutional Claims

Where a district court has original jurisdiction over a civil action such as a Section 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. §

1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho–Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008).

The amended complaint asserts that Defendants deprived Plaintiff of "his federal and Illinois state constitutional right to due process and equal protection of the law from deliberate indifference and subjected him to cruel and unusual punishment" [sic] (Doc. 8, p. 1).   The amended complaint otherwise only refers to the Eighth and Fourteenth Amendments of the United States Constitution.

Article I, section 2 of the Illinois constitution corresponds to the Fourteenth Amendment of the federal constitution regarding due process and equal protection rights.   However, just as Counts 2 and 3 were dismissed for failing to adequately plead federal due process and equal protection claims, these state law claims shall be dismissed without prejudice.

Article I, section 11 of the Illinois constitution—the proportionate penalties clause—is the provision most similar, but not identical to the Eighth Amendment to the federal constitution. *People v. Clemons*, 968 N.E.2d 1046, 1055-56 (Ill. 2012).   Therefore, at this time, insofar as Eighth Amendment violations asserted in Counts 1 and 4 are proceeding, mirroring claims shall proceed under the Illinois constitution, even though Plaintiff can potentially only secure one award.

## C.  <u>Motion for Injunctive Relief</u>

Plaintiff's "Motion for Temporary Preliminary Injunction" (Doc. 11) seeks "proper medical care" for his injuries and "safety of [his] security" [sic].  Plaintiff states that is "physical and mental suffering" continues, increasing his risk of losing his eyesight.  He also seeks a transfer to a medium security facility for his safety.  The Court construes Plaintiff's motion as seeking a temporary restraining order ("TRO") and a preliminary injunction.   As explained

above, Warden Harrington remains a defendant in this action solely for purposes of Plaintiff's prayer for injunctive relief, which would also encompass this motion.

A TRO is an order issued without notice to the party to be enjoined that may last no more than 14 days.  FED. R. CIV. P. 65(b)(2).  A TRO may issue without notice *only* if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.  FED. R. CIV. P. 65(b)(1).

As to the request for a preliminary injunction, the United States Supreme Court has emphasized that a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Christian Legal Soc'y v. Walker,* 453 F.3d 853, 870 (7th Cir. 2006), *quoting Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (emphasis in original).  In considering whether to grant injunctive relief, a district court must weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence.

Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction.  *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking,* 176 F.3d 1004, 1011 (7th Cir. 1999); a*ccord Judge v. Quinn,* 612 F.3d 537, 546 (7th Cir. 2010); *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills,* 589 F.3d 865, 872–73 (7th Cir. 2009).

Although Plaintiff states in his motion that he may suffer blindness if his eye is not treated, and that he continues to have "physical pain and mental suffering," he offers nothing more than those conclusory assertions.  Plaintiff's fear of blindness appears to be only a generalized fear.  A review of the medical records submitted by Plaintiff reveals that three stitches were removed from Plaintiff's brow line on March 28, 2013; after an exam, "no recall" was ordered (Doc. 10, p. 6).  Plaintiff was seen in the Health Care Unit on April 9, 2013, and medical notes make no mention of any complaints regarding his eye, nose, or jaw, nor are any complaints of pain recorded (Doc. 10, p. 7).  Furthermore, the amended complaint only mentions the eye injury in passing.  With respect to Plaintiff's safety concerns, there is nothing in the motion or amended complaint to indicate a present danger to Plaintiff; rather, the assault by inmate James appears to have been an isolated event.

Plaintiff has failed to clearly show that immediate and irreparable injury will result, absent injunctive relief.  Therefore, the motion for TRO and/or preliminary injunction (Doc. 11) shall be denied without prejudice.  Warden Harrington shall remain in this action in his official capacity for purposes of any future injunctive relief.

**D.  Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated:

1. Plaintiff's motion for leave to file an amended complaint (Doc. 8) is **GRANTED**; the amended complaint is comprised of Docs. 8-10;

2. **Count 2**, the equal protection claim, and **Count 3**, the due process claim, are both **DISMISSED** without prejudice;

3. Defendants **MAJOR HANIMYER** and **LT. HUGHS** are **DISMISSED** from this action without prejudice;

4. Defendants **OFFICER CAMPBELL** and **OFFICER KEMPSTER** are **DISMISSED** from Count 1 with prejudice, and from Counts 2, 3 and 5 without prejudice; thus, they are also **DISMISSED** from this action;

5. All substantive claims in Counts 1-3 and 5 against Defendant **RICHARD HARRINGTON** in his individual and official capacities are **DISMISSED** with prejudice, but he shall remain a defendant in his official capacity for purposes of injunctive relief;

6. Defendant **UNKNOWN MEDICAL DOCTOR** is **DISMISSED** from Count 1 with prejudice;

7. **COUNT 5** is **DISMISSED IN PART**, in that the supplemental claims under the Illinois constitution regarding equal protection and due process in are dismissed without prejudice, although the remainder of Count 5 remains; and

8. Plaintiff's motion for a temporary injunction and/or preliminary injunction (Doc. 11) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the only claims remaining in this action are: **COUNT 1** (the Eighth Amendment failure to protect claim) against **SERGEANT HEIMAN** and **SERGEANT ELADVOR**; **COUNT 4** (the Eighth Amendment medical care claim) against Defendant **UNKNOWN MEDICAL DOCTOR**; and **COUNT 5** (supplemental state law cruel and unusual punishment claims mirroring Counts 1 and 4) against Defendants **SERGEANT HEIMAN**, **SERGEANT ELADVOR** and **UNKNOWN MEDICAL DOCTOR**.   Defendant **RICHARD HARRINGTON** also remains as a defendant in his official capacity for purposes of injunctive relief.

The Clerk of Court is **DIRECTED** to prepare for Defendants **RICHARD HARRINGTON**, **SERGEANT HEIMAN** and **SERGEANT ELADVOR**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms

were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on Defendant **UNKNOWN MEDICAL DOCTOR** until such time as Plaintiff has identified him or her by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), if all parties consent to such a referral.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 7 days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  May 31, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge