IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOBY GODFREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-280-GPM-DGW |
| ) | |
| RICHARD HARRINGTON, SERGEANT ) | |
| HEIMAN, SERGEANT ELADVOR, and ) | |
| UNKNOWN PARTY, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are various Motions filed by Plaintiff: Motion to Amend Complaint (Doc. 18), Motion for Recruitment of Counsel (Doc. 19), Motion to Request Production of Documents (Doc. 20), Motion to Correct Defendant's Names (Doc. 21), Motion to Request Examination by Outside Doctor (Doc. 22), and Motion for Subpoena Documents and Evidence (Doc. 23).[1]  Each Motion will be given separate consideration as set forth below:

*Motion to Amend Complaint (Doc. 18)*

Pursuant to the Order entered on May 31, 2013, Plaintiff is proceeding on three claims: Count 1 – against Defendants Heiman and Eladvor for failure to protect; Count 4 – against Defendant Unknown Party for deliberate indifference; and Count 5 – against Heiman, Eladvor, and Unknown Party for state law claims.  Defendant Harrington also remains a party to this action in light of Plaintiff's claims for injunctive relief.  In his Motion to Amend, Plaintiff seeks to amend his complaint to add new parties: Michael M (a medical doctor), Robert Shearing (a medical director), and Gail Walls (director of nurses).  Plaintiff has not provided a proposed

---

[1] Plaintiff also has filed a Motion for Temporary Restraining Order and Preliminary Injunction that will be addressed in a Report and Recommendation.

amended pleading for the Court to review. Local Rule 15.1 provides that if a party seeks to amend their pleading, they must submit the proposed amended pleading along with their motion; any amendments that Plaintiff wants the Court to consider should be underlined. Plaintiff is therefore instructed to provide the Court with a proposed amended complaint and to indicate, in the accompanying motion to amend, why leave to amend should be granted. Plaintiff is further informed that any such proposed amended complaint will be screened pursuant to 28 U.SC. § 1915A. Plaintiff shall file his Motion to Amend the Complaint within thirty (30) days of the date of this Order. This motion is accordingly **DENIED WITHOUT PREJUDICE.**

*Motion for Recruitment of Counsel (Doc. 19)*

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the

2

Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff appears to have met the threshold requirement of seeking counsel without Court intervention. Nonetheless, an attorney will not be recruited in this matter. Plaintiff indicates that he has some college education and is hampered only by the fact that he is in segregation, has no knowledge of the law, and has limited access to legal resources. Such a situation is not unique and not grounds for recruitment of counsel. Plaintiff appears capable of prosecuting this matter without the assistance of counsel. The claims in this matter are not overly complicated and it is not apparent that extensive discovery will be required. Plaintiff is capable of seeking relief, as evidenced by the numerous motions he has filed to date, he can articulate his claim and requests for relief in an understandable manner, and he is capable of following Court direction, as shown by the filing of an amended complaint in response to the April 11, 2013 Order. This motion is accordingly **DENIED.**

*Motion to Request Production of Documents (Doc. 20)*

Plaintiff seeks discovery from Defendants related to his claims. Plaintiff is informed that discovery will not commence in this action until Defendants appear and file responsive pleadings. In addition, discovery requests should be directed and sent to Defendants' attorney. Discovery should not be filed with the Court, except Requests for Admissions as provided by Local Rule 26.1(b). This motion is accordingly **DENIED WITHOUT PREJUDICE.**

*Motion to Correct Defendant's Names (Doc. 21)*

In this Motion, Plaintiff seeks to "correct" the names of Defendants. Specifically,

3

Plaintiff asserts that Defendant Heiman is in fact "Sergeant Hieman," Defendant Eladvor is in fact "Sergeant Eovaldi," and the Unknown party is "Michael Moldenhauer."  As instructed above, Plaintiff can include these changes when he files a motion to amend his complaint and should include the correct spellings of Defendants' names in his proposed amended complaint.  This motion is accordingly **DENIED WITHOUT PREJUDICE.**

*Motion to Request Examination by Outside Doctor (Doc. 22)*

Federal Rule of Civil Procedure 35 provides that this Court may order a party to submit to a physical examination if that party's medical condition is in dispute.  Plaintiff seeks such an examination because he is experiencing various physical ailments.  Rule 35 does not authorize the Court to appoint a medical expert, at Plaintiff's request, to examine the Plaintiff himself; rather, the Rule allows the Court to direct an opposing party to make himself available for examination.  Plaintiff has no right to shift the burden or cost of such an examination from himself, notwithstanding his *in forma pauperis* status.  This Court also will not manage Plaintiff's on-going health condition or examinations and consultations.  Plaintiff should forward his requests for medical care to the health officials at the prison, who are in a better position to assess and acquire medical care for Plaintiff.  This motion is accordingly **DENIED.**

*Motion for Subpoena Documents and Evidence (Doc. 23).*

As stated above, discovery will not commence until Defendants appear in this action.  In addition, the categories of information requested by Plaintiff appear to be of the type that will be automatically produced by Defendants in accordance with Federal Rule of Civil Procedure 26(a)(1).  As such, a subpoena for such documents is unnecessary.  When discovery does commence and if Plaintiff requires additional documents, he may petition the Court, at that time,

4

for the issuance of a subpoena.   This motion is accordingly **DENIED WITHOUT PREJUDICE.**

CONCLUSION

For the foregoing reasons the Motion to Amend Complaint (Doc. 18) is **DENIED WITHOUT PREJUDICE**, the Motion for Recruitment of Counsel (Doc. 19) is **DENIED**, the Motion to Request Production of Documents (Doc. 20) is **DENIED WITHOUT PREJUDICE**, the Motion to Correct Defendant's Names (Doc. 21) is **DENIED WITHOUT PREJUDICE**, Motion to Request Examination by Outside Doctor (Doc. 22) is **DENIED**, and the Motion for Subpoena Documents and Evidence (Doc. 23) is **DENIED WITHOUT PREJUDICE**.   Plaintiff shall file a Motion to Amend the Complaint (and attach a proposed amended complaint) within thirty (30) days of the date of this Order.

**IT IS SO ORDERED.**

**DATED: September 12, 2013**

**DONALD G. WILKERSON**
**United States Magistrate Judge**