IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TOBY GODFREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-280-NJR-DGW |
| | ) | |
| RICHARD HARRINGTON, SERGEANT | ) | |
| HEIMAN, SERGEANT ELADVOR, and | ) | |
| UNKNOWN PARTY, | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment filed by Defendants Harrington, Heiman, and Eladvor (Doc. 63) be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

#### FINDINGS OF FACT

Plaintiff, an inmate currently at Lawrence Correctional Center, alleges that various correctional officers failed to protect him from a violent cell mate, Julie James, and that he was not provided adequate medical care while he was an inmate at the Menard Correctional Center ("Menard CC"). Plaintiff specifically alleges that he requested to be moved from his cell on

March 2, 2013 because Mr. James was bullying him, physically and mentally. This request was made to Officer Campbell. Officer Campbell in turn spoke to Sergeant Eladvor, who was responsible for housing. Sergeant Eladvor indicated to Plaintiff that he would be moved the next day; however, Plaintiff was not moved. On March 4, 2013, Plaintiff spoke to Officer Kempster about his fear of Mr. James. Officer Kempster summoned Sergeant Heiman who told Mr. James to "cuff-up." When Mr. James refused, Sergeant Heiman directed Plaintiff to "cuff-up." While Plaintiff was handcuffed, Mr. James assaulted him and had to be physically removed by the correctional officers. Plaintiff suffered a laceration on his forehead and, allegedly, a broken jaw and nose as a result of the attack. He alleges (and the District Court permitted him to proceed on the claims) that the Sergeants (Defendants Eladvor and Heiman) failed to protect him from a violent cellmate (Count 1) and that he was given inadequate medical care by an unknown medical doctor (Count 4) (Doc. 13). The District Court also retained Defendant Harrington in order to perfect any injunctive relief that may be ordered. Plaintiff's original complaint was filed on March 20, 2013 (Doc. 1). His Amended Complaint was filed on May 31, 2013 (Doc. 12).

On February 20, 2014, Defendants filed a Motion for Summary Judgment on the Issue of Exhaustion (Doc. 63) along with a notice warning Plaintiff of consequences of failing to respond (Doc. 65).[1] Plaintiff did not respond to the Motion by the March 27, 2014 deadline. Instead, Plaintiff has filed a Motion to Amend to substitute the unknown doctor with a new Defendant,

---

[1] Defendants have cited to a previous version of Federal Rule of Civil Procedure 56 in informing Plaintiff of the consequences of failing to respond to a Motion for Summary Judgment as required by *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992). *See Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The Notice nonetheless informed Plaintiff that he must respond to a Motion for Summary Judgment with evidence or face the possibility that judgment will be entered against him. And, on April 18, 2014, this Court mailed to Plaintiff a subsequent Rule 56 Notice (Doc. 74).

Dr. Michael Moldenhauer (Doc. 69).

On April 17, 2014, a hearing was held on Defendants' Motion for Summary Judgment, pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), in which Plaintiff appeared by video-conference and Defendants appeared by counsel. At the hearing, Plaintiff stated that he submitted an emergency grievance at the institution on March 4, 2013 and that he did not receive a response.[2] He then submitted a grievance to the Administrative Review Board ("ARB") on March 28, 2013. Plaintiff also indicated that he did not receive a copy of Defendants' Motion for Summary Judgment prior the hearing. In light of Plaintiff's representations, this Court faxed to Plaintiff a copy of the Motion for Summary Judgment (Doc. 63), the memorandum (Doc. 64) and the exhibits attached thereto and directed him to respond to the Motion for Summary Judgment. On April 23, 2014, Plaintiff filed a "Motion to Objection Defendant's Answer and Affirmative Defenses" to which he attached a copy of the March 4, 2013 emergency grievance (Doc. 75).

An additional evidentiary hearing is not necessary in this matter because the issue can be resolved on the information elicited at the first hearing and the submissions of the parties.

The March 4, 2013 grievance is marked as an emergency and states that Plaintiff told Defendants Eladvor and Heiman that he has a problem with his cellmate and that he needed to be moved (Doc. 75, p. 4). Both Defendants refused to move him and his cellmate attacked him on March 4, 2013 when his hands were cuffed. The grievance further states that he suffered significant injuries and that he was not given proper medical care (although he does not name a medical provider or provide much detail as to how the care was inadequate) (*Id.* p. 5). There is

---

[2] At the time, Plaintiff was in segregation and was moved to a different wing after the assault by Mr. James.

no indication in the grievance that the institution responded. This Court finds that Plaintiff is credible in his assertion that he submitted an emergency grievance on March 4, 2013.

Plaintiff also submitted a grievance to the ARB dated March 28, 2013 (Doc. 64-1, pp. 6-7). This grievance is not marked as an emergency and Plaintiff does not name a culpable party. Rather, he complains that he was beaten by his cellmate while handcuffed and that this constituted a "violation my eighth amendment constitutional right cruel and unusual punishment and inadequate medical care [sic]" (*Id.* p. 6). For relief, Plaintiff requested a transfer from Menard CC to a "medium prison" (*Id.*). On April 22, 2013, the grievance was returned to Plaintiff with instructions to resubmit with the grievance officer's and warden's response (*Id.* at p. 5).

Plaintiff filed his complaint in this Court on March 20, 2013, prior to filing the grievance with the ARB but after submitting the emergency grievance. Plaintiff filed a First Amended complaint on May 31, 2013.

## CONCLUSIONS OF LAW

Summary judgment is proper only if the moving party can demonstrate Athat there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.@ FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v.*

*Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is Athe put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.@ *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

> The Prison Litigation Reform Act provides:
>
> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires

proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Id.* 544 F.3d at 742. If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id*. §504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.*, § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840.

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

As noted above, Plaintiff submitted an emergency grievance to the Warden at Menard CC on March 4, 2013 and submitted a grievance to the ARB on March 28, 2013. The March 28, 2013 grievance is irrelevant to this matter because it was mailed to the ARB after the complaint in this matter was filed.

As to the March 4, 2013 emergency grievance, the regulations provides that "[t]he chief administrative Officer shall expedite processing of the grievance and respond to the offender, indicating what action shall be or has been taken." ILL. ADMIN. CODE TIT. 20, § 504.840. The regulations do not describe the time limit within which an inmate can expect a response from the Warden nor is there a regulation that would instruct an inmate on what to do if the Warden fails to respond to an emergency grievance. *See e.g. Glick v. Walker*, 385 Fed.Appx. 579, 583 (7th

Cir. 2010) (stating that a prisoner is not required to do more than what the regulations require); *Muhammad v. McAdory*, 214 Fed.Appx. 610, 612-613 (7th Cir. 2007). Plaintiff waited 16 days after submitting his emergency grievance to file his complaint in this Court. In *Muhammad*, the inmate filed an emergency grievance as to prison conditions. After fifty-one days, and after receiving no response to his emergency grievance, he filed suit. The Seventh Circuit held that it was error for the Court to grant summary judgment to Defendants on exhaustion grounds based on these facts. *Id.* at 613-614. *But see Fletcher v. Menard Correctional Center*, 623 F.3d 1171, 1174-1175 (7th Cir. 2010) (finding that an inmate failed to exhaust his administrative remedies after waiting only two days to file suit after he had submitted an emergency grievance). Therefore, at some point in between 2 days and 51 days from submitting an emergency grievance, to which a response is not made, and filing suit, this Court may find that the administrative remedies were unavailable to Plaintiff and he will be deemed to have exhausted.

In the circumstances of this case, this Court finds that 16 days was a sufficient period of time to wait for a response and that the failure to provide a response within that time rendered the grievance process unavailable to Plaintiff. In his emergency grievance, Plaintiff sought the relief of transfer from Menard CC because he believed that his life was in danger. Therefore, his transfer to a different wing at Menard CC did not resolve the complaints or the request made in the grievance. *See Thornton v. Snyder*, 428 F.3d 690, 694-95 (7th Cir. 2005). Moreover, emergency grievances at Menard CC have been responded to in time periods shorter than 16 days. *See e.g. Turley v. Bramlet*, 2014 WL 3819556 (S.D. Ill. 2014) (emergency grievance responded to in two days); *Cooper v. Chandler*, 2014 WL 3537032, *10 (S.D. Ill. 2014) (emergency grievance responded to in 10 days); *Martin v. Rednour*, 2012 WL 3705102, 4 (S.D.

Ill. 2012) (emergency grievance responded to in 11 days). By failing to respond to Plaintiff's March 4, 2013 emergency grievance in a timely manner, the grievance process was rendered unavailable to Plaintiff and he should be deemed to have exhausted his administrative remedies prior to filing suit.

## RECOMMENDATIONS

For the reasons set forth above, it is **RECOMMENDED** that the Motion for Summary Judgment filed by Defendants Harrington, Heiman, and Eladvor (Doc. 63) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: August 27, 2014**

                                                 **DONALD G. WILKERSON**
                                                 **United States Magistrate Judge**