IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOBY GODFREY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD HARRINGTON, TRACY )<br>HEIMAN, FRANK EOVALDI, and DR. )<br>MICHAEL MOLDENHAUER, )<br>)<br>Defendants. ) | Case No. 3:13-cv-280-NJR-DGW |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment filed by Defendant Michael Moldenhauer on June 16, 2015 (Doc. 101) be **DENIED,** and that the Court adopt the following findings of fact and conclusions of law.

### INTRODUCTION

Plaintiff, an inmate currently incarcerated at the Lawrence Correctional Center, alleges that various correctional officers failed to protect him from a violent cell mate, Julie James, and that he was not provided adequate medical care while he was an inmate at the Menard Correctional Center. With respect to the moving Defendant, Dr. Moldenhauer, Plaintiff alleges that he failed to provide adequate medical care after he was assaulted by inmate James (Count 4)

(Doc. 13).

On June 16, 2015, Defendant Moldenhauer filed a Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 101). Plaintiff has not responded to the Motion despite being notified of the consequences of failing to respond (Doc. 103). The failure to respond, however, will not be considered an admission of the merits of the Motion in light of previous rulings and filings. SDIL-LR 7.1(c). On March 16, 2015, the District Court found that Plaintiff exhausted his administrative remedies with respect to the other Defendants in this matter (Doc. 91). In that Order, the Court found that Plaintiff submitted an emergency grievance on March 4, 2013, that the grievance went unanswered for 16 days, and that, consequently, administrative remedies were made unavailable. Defendant Moldenhauer argues, however, that the March 4, 2013 grievance failed to provide sufficient factual detail and failed to identify or describe him. Thus, he argues, the grievance is insufficient to exhaust Plaintiff's administrative remedies as to the claims against him.

This Court adopts the findings of facts and conclusions of law as found in the August 27, 2014 Report and Recommendation as if set forth fully herein (Doc. 78).

## FINDINGS OF FACT

As previously found by this Court, the March 4, 2013 grievance is marked as an emergency and officials at the prison failed to respond to the grievance prior to the filing of the Complaint on March 20, 2013. As to medical care, the grievance states:

> [My] Cellmate assault[ed] me with handcuffs on, leaving me with a fraction [sic] jaw + nose and laceration to my eye. I had to have 3 stitch[es] over my eye. If you look at the situation [at] Menard Correctional Center [is] violating my Eight Amendment Constitutional Right cruel and unusual punishment and inadequate medical care.
>
> (Doc. 75, p. 5).

Despite mentioning medical care, Plaintiff did not mark a box associated with "Medical Treatment" under the heading "NATURE OF GRIEVANCE" and did not request any relief regarding medical care.

### CONCLUSIONS OF LAW

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). While there are no material facts in dispute in this matter, Defendant is not entitled to judgment as a matter of law.

In the March 16, 2015 Order, the District Court found that Plaintiff "was justified in assuming his emergency grievance was lost or ignored and that the grievance process had become unavailable" (Doc. 91, p. 7). An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005) "If administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Whether or not the information in the March 4, 2013 emergency grievance contained facts

describing the medical treatment, identifying Defendant Moldenhauer, or describing in as much detail as possible Defendant Moldenhauer, is without significance. Because administrative remedies were unavailable, Plaintiff "cannot be required to exhaust." *Id.*

Being excused from exhausting (i.e. appealing a grievance), however, would not also excuse Plaintiff from submitting a sufficient grievance. Thus, Defendants argue that the grievance submitted does not contain information required by the Illinois Administrative Code. Namely, Defendant contends that the grievance does not contain "factual details regarding each aspect of the offender's complaint including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint." ILL. ADMIN. CODE TIT. 20, § 504.810(b). The grievance form itself only asks for a "Brief Summary of Grievance" and does not seek a detailed recitation of the events, or the names/description of offending parties, as outlined in the Code. *See Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011). The information provided, moreover, would place the institution on notice of Plaintiff's claims and who those claims are about. Plaintiff grieved that he was assaulted on March 2, 2013 and that he received inadequate care related to injuries to his face (for which he received some medical care – i.e. stitches). It would not take much, had the prison minimally investigated the grievance, to determine who provided medical care and the circumstances of that care. *Id.* at 722 (noting that failure to name a Defendant is a technical defect and that a grievance can be sufficient if it provides "a fair opportunity to address his complaints"). The grievance adequately identified the circumstances of Plaintiff's complaints; and, while he did not name Dr. Moldenhauer, the details of the grievance would have informed the institution that he was complaining about medical care received shortly after the assault from Dr. Moldenhauer.

### RECOMMENDATIONS

For the reasons set forth above, it is **RECOMMENDED** that the Motion for Summary Judgment filed by Defendant Michael Moldenhauer (Doc.101) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: September 23, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**