IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOBY GODFREY, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:13-CV-280-NJR-DGW |
| | ) |
| RICHARD HARRINGTON, TRACY | ) |
| HEIMAN, FRANK EOVALDI, and DR. | ) |
| MICHAEL MOLDENHAUER, | ) |
| | ) |
|       Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 110), which recommends that this Court deny Defendant's motion for summary judgment based on exhaustion (Doc. 101). The Report and Recommendation was entered on September 23, 2015. No objections have been filed.

Plaintiff filed this suit on March 20, 2013, claiming that various correctional officers failed to protect him from a violent cell mate, Julie James, and that he was not provided adequate medical care while he was an inmate at the Menard Correctional Center ("Menard"). Plaintiff claims, more specifically, that Defendant, Dr. Moldenhauer, failed to provide him with adequate medical care after his cellmate assaulted him (Count 4).

One June 16, 2015, Defendant Moldenhauer filed a Motion for Summary

Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 101). Plaintiff did not respond to this motion. On March 16, 2015, Magistrate Judge Wilkerson found that Plaintiff exhausted his administrative remedies with respect to the other Defendants in this matter (Doc. 91). Defendant Moldenhauer argues that the grievance at issue did not provide enough factual detail to identify him as a defendant.

On September 23, 2015, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 110). The Report and Recommendation accurately states the nature of the evidence presented on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 291, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed Magistrate Judge Wilkerson's Report and Recommendation. Magistrate Judge Wilkerson thoroughly discussed the evidence and

the Court fully agrees with his findings, analysis, and conclusions with respect to the issue of exhaustion. Accordingly, the Court finds that Plaintiff exhausted his administrative remedies with respect to Defendant Moldenhauer prior to filing this lawsuit.

Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 110) and **DENIES** Defendant Moldenhauer's Motion for Summary Judgment (Doc. 101).

**IT IS SO ORDERED.**

**DATED:   December 14, 2015**

                              s/ Nancy J. Rosenstengel____
                              **NANCY J. ROSENSTENGEL**
                              **United States District Judge**