IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOBY GODFREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-280-JPG-DGW |
| ) | |
| MICHAEL MOLDENHAUER, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Senior United States District Judge J. Phil Gilbert pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss for Lack of Prosecution filed by Defendant Michael Moldenhauer, on July 19, 2016 (Doc. 147).  For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED** and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On May 18, 2016, Defendant Moldenhauer, who is the only remaining Defendant in this suit, intended to take Plaintiff's deposition, believing him to be housed at the Lawrence Correctional Center.  Plaintiff informed Defendant, however, that he was housed at the Will County, Illinois Adult Detention Facility.  That facility cannot accommodate a deposition.  The deposition did not take place as scheduled.  In addition, Plaintiff has failed to respond to written discovery served on February 10, 2016.

Prior to filing his motion to dismiss, Defendant did not seek to compel Plaintiff's responses to his written discovery requests.  Defendant also did not seek a court order compelling the

Warden of the Will County, Illinois Adult Detention Facility to make Plaintiff appear for his deposition. For his part, Plaintiff failed to file a notice of change of address indicating that he had been moved to the detention facility (*See* Doc. 143). However, Plaintiff recently submitted a change of address notice indicating that he has been transferred to the Stateville Correctional Center (Doc. 151).

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 41(b) permits involuntary dismissal upon motion by a defendant for the failure to prosecute or comply with the order of a court. Dismissal for lack of prosecution is a drastic remedy and should not be imposed in this matter. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 700 (7th Cir. 2014) ("The court should exercise this right sparingly and should dismiss a case under Rule 41 only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." (quotation marks and citation omitted)). Defendant asserts that Plaintiff failed to respond to written discovery. Instead of seeking dismissal in the first instance, the more reasonable course of action would be to seek an order compelling responses. Defendant chose not to take this reasonable course of action prior to filing this motion. Defendant also argues that this matter should be dismissed because Plaintiff cannot sit for a deposition while incarcerated at the detention center. Such an argument is wholly without merit. Plaintiff's unavailability is through no action on his part – he is committed to the custody of another. As such, his ability to sit for a deposition is out of his control. Again, Defendant could have sought a court order directed at the warden to make Plaintiff available prior to seeking sanctions. In any event, Plaintiff is now at an IDOC facility where, presumably, Defendant will be able to conduct a deposition.

At most, Plaintiff has been tardy with responses to written discovery and did not timely

inform the Court of a change in address. Such conduct, while improper, does not rise to a level sufficient enough to warrant dismissal for failure to prosecute. Defendant has demonstrated no prejudice, any brief delay in this matter to conduct Plaintiff's deposition would not be overly taxing on the Court's calendar, and Plaintiff has otherwise participated in this lawsuit.[1] Dismissal is not warranted.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion to Dismiss for Lack of Prosecution filed by Defendant Michael Moldenhauer, on July 19, 2016 (Doc. 147) be **DENIED** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: August 23, 2016**

                                                      **DONALD G. WILKERSON**
                                                      **United States Magistrate Judge**

---

[1] Defendant recently has filed a Motion for Extension of time to conduct discovery (Doc. 152).