IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TOBY GODFREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-280-DGW |
| | ) | |
| DR. MICHAEL MOLDENHAUER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Temporary Restraining Order filed by Plaintiff, Toby Godfrey, on March 22, 2017 (Doc. 185). For the reasons set forth below and at the Final Pretrial Conference held on March 23, 2017, the Motion is **DENIED**.

Plaintiff seeks a temporary restraining order that would prevent his transfer to the Menard Correctional Center, where the events underlying the claims occurred. Plaintiff states that because dismissed defendants are still employed at Menard, he fears for his well-being. Plaintiff has been transferred to Menard, the state institution that is closest to the Federal Courthouse, temporarily for purposes of trial which is scheduled to last no more than 2 days. At the outset, the motion must be denied for the simple reason that Defendant has appeared in this action and received notice of the motion when it was filed. Plaintiff has not complied with Federal Rule of Civil Procedure 65(b) notwithstanding the title of the motion. Out of an abundance of caution, however, the Court construes the motion as one seeking a preliminary injunction, injunctive relief that is issued after notice and an opportunity to be heard.

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972

(1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)).  The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988).  The main purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).  Accordingly, the preliminary injunctive relief sought must relate to the claims pending in the underlying lawsuit.  *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (holding that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").

Prior to reaching the balancing test that is employed in such matters, *See Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012), Plaintiff has made no showing that injunctive relief would be consistent with Federal Rule of Civil Procedure 65.  Pursuant to Rule 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.  The only party that remains in this action is Moldenhauer, a nurse practitioner who would have no control or authority over Plaintiff or where he is housed.  While there may have been some defendants in this matter against whom Plaintiff asserted failure to protect and/or assault claims, such Defendants are no longer a party to this suit.  The only claim is that Defendant failed to provide adequate medical care on one specific date.  Such a claim is wholly unrelated to the basis for Plaintiff's request for injunctive relief.  For this additional reason, the Motion must be denied.  And, finally, there is no concrete showing that Plaintiff will be subjected to any violence while he is temporarily housed at Menard.  *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)

(noting that irreparable injury cannot be met "where there is no showing of any real or immediate threat that the plaintiff will be wronged again").[1]

For the foregoing reasons, the Motion for Temporary Restraining Order filed by Plaintiff, Toby Godfrey, on March 22, 2017 (Doc. 185) is **DENIED**.

**DATED: March 29, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**

---

[1] In any event, it is likely that Plaintiff will be transferred from Menard now that this matter has been tried to a jury.